REUBEN S. PATTERSON, EXECUTOR ETC. v. AMY STEWART.

*Construction of will—"Use" of moneys.*

A man bequeathed to his wife, his house and all his personal property "to her sole use forever." His will also provided that she should have the *use* of all his moneys during her natural life; that after her death a specified legatee should have $500 out of any money that she might have at her death; and finally that *residues* of the money should be divided among certain other legatees. There was a mortgage among his assets which it was agreed should be considered as money. *Held* that the widow was entitled to the possession and management of the fund represented by the mortgage. *It seems* also that the word "use" in the will, does not mean interest, but enjoyment.

Error to St. Clair. Submitted January 31. Decided February 1. The case comes to the Supreme Court on exceptions taken by the executor of the will of Daniel Stewart, to the finding of the circuit court on an appeal from probate.

*Brown & Farrand* for plaintiff in error. A provision in a will that the legatee shall have the use of all the testator's moneys during life, means the interest on the money. *Jameson et al., Appellants,* 1 Mich., 99. But a bequest for the legatee's use, gives the entire interest in the property. *Sutphen v. Ellis,* 35 Mich., 446.

*William T. Mitchell* for defendant in error. The language of a will must generally have its ordinary popular meaning. Redfield on Wills, 438-9. The devise to the widow in this case was absolute. *Jones v. Jones,* 25 Mich., 401.

COOLEY, J. The sole question on this record relates to the rights of defendant in error as legatee under the will of her husband Daniel J. Stewart. The will was dated February 23, 1874, and the following is a copy omitting the formal parts:

"*First.* I give and bequeath to my wife, Amy Stewart, of the said county of St. Clair and State of Michigan, my house I lately built on the west half of the east half of southwest quarter of section 27, in said county and State aforesaid, also all personal property and furniture, etc., to her sole use forever; also to have the use of all my moneys during her natural life, after all debts are paid against my estate.

*Second.* After the death of my wife Amy Stewart, I give and bequeath to my adopted daughter Emily C. Kennedy, wife of Daniel Kennedy, of the township of St. Clair, in said county, five hundred dollars out of any money that may be in possession of my wife at her death.

*Third.* Residues of the money shall be divided share and share alike between my nephews, William Stewart, son of Andrew Stewart, of Richmond, Macomb county; also Culver Patterson, son of Doughty Patterson, and also Reuben Patterson, son of said D. Patterson; also

Charles F. Mills, of Richmond, Macomb county, Michigan."

The question is made upon a certain mortgage which belonged to the testator. It is agreed on both sides that this mortgage is to be considered as money, and the defendant claims that she is entitled to have it passed over to her as such. The executor on the other hand insists that she is entitled to the interest only, and that he should retain the mortgage, collect the interest and pay it over to her. The circuit court sustained the claim of the widow.

The word "use" as employed in the will is ambiguous, and may mean the interest only, or it may imply the possession of the moneys and the putting them to the use of the legatee as she may have occasion. It is sometimes employed in the latter sense in instruments of this nature, and we are inclined to think it was used in that sense here. The legatee was to have the moneys for her use during her lifetime as she might have occasion; and the employment of the word "residue" to designate what might be left at her death, instead of using the word "principal" or any synonymous term, tends strongly to support this view. It seems to imply that the fund might not be kept intact, but that some of it might be used and only a residue left. See *Proctor v. Robinson*, 35 Mich., 284; *Sutphen v. Ellis*, id., 446. This record, however, calls for no opinion except as to the right of the legatee to the possession and management of the fund, and that we think her entitled to.

Judgment affirmed with costs.

The other Justices concurred.