LEWIS PIERCE, admr. in equity, *vs.* CATHARINE A. STID-
WORTHY, and others.

Cumberland.    Opinion December 10, 1888.

*Equity.   Supplementary Bill.   Wills.   Legacies.   Bonds.*

Where a life-legatee is entrusted by a testator with an unqualified discretion
in the use and disposal of the principal of the legacy for support during
life, it is the rule in this state to allow the legatee to have full possession
and control of the property.

At a former hearing, for a reason peculiar to the present case, and as an
exception to the rule, a bond was required.   It appearing that a bond can-
not be furnished without imposing oppressive burdens on the beneficiary,
the order to do so is annulled.*

ON REPORT.

Bill in Equity in the nature of a supplementary bill or petition,
heard on bill, answers, and depositions of defendants.   The
defendant sought to be relieved from giving bond, required in the
original decree, for reasons given, and on the facts stated in the
opinion.

*Lewis Pierce, pro se.*

*Woodman and Thompson,* for residuary legatee.

In consequence of her inability to give the required bond, the
administrator has been unable to divest himself of the custody of
the fund, and to file his final accounts, and so to be relieved from
his trust; he therefore brings this bill praying the further in-
structions of this court in the premises, in order that some means
may be devised for relieving him from his trust.

There would seem to be but two ways in which this can be
accomplished.

*First.*    The court may relieve Mrs. Stidworthy from the neces-
sity of giving any bond.

*Second.*    The court may appoint a trustee to hold the fund and
to make disbursements therefrom, in accordance with the terms
of the will.

---

*See *Pierce* v. *Stidworthy,* 79 Maine, 234.

The ordinary rule is that a tenant for life of personal property is entitled to its custody. *Sampson* v. *Randall*, 72 Maine, 109; *Johnson* v. *Goss*, 128 Mass. 433, 435; *Starr* v. *McEwan*, 69 Maine, 334; *Warren* v. *Webb*, 68 Maine, 133, 137; *McCarty* v. *Cosgrove*, 101 Mass. 124.

And, in the absence of any suggestion of waste, the life tenant is entitled to the custody and management of such property without giving any security therefor, the argument being that the testator might have required such security to be given had he seen fit, and that, in the absence of such requirement by the testator it will be assumed that it was his desire and intention that no security should be required. *Johnson* v. *Goss, supra; Homer* v. *Shelton*, 2 Met. 194; *Taggard* v. *Piper*, 118 Mass. 315; *Fiske* v. *Cobb*, 6 Gray, 144.

In the case at bar there is no suggestion of danger of waste either in the answer or in the testimony of respondents Elizabeth S. Smith or Sarah S. Smith. No question is raised but that the life tenant, Mrs. Stidworthy, is both honest and capable.

The reasoning of the cases above cited applies with double force to the case at bar, since, under the residuary clause of this will Mrs. Stidworthy is not a mere life tenant of this property, but is also entitled to use, if needed, the principal sum for her maintenance and support. The interest of the other respondents in the fund as remaindermen is not an interest in the entire fund, but in so much of it only as shall be left unapplied and unconsumed at the death of Mrs. Stidworthy.

Should the court incline toward the adoption of the second alternative, the appointment of a trustee, it will be difficult, if not impossible, to preserve to Mrs. Stidworthy her full rights under the will, which provides that she shall have the "right to apply to her use, if needed, any part of the principal of the personal property, *making her the sole judge of the need of so doing.*"

An instruction to the trustee to make payments from the principal to Mrs. Stidworthy, whenever she should require them, would give her the full benefit of the provision; anything short of such an instruction must, necessarily, substitute the judgment of another as to her needs, instead of her own judgment, and so

would deprive her of a part of her rights under the will. But such an instruction as that first suggested, would render the appointment of a trustee substantially nugatory, and it would be difficult, if not impossible, to find any suitable person to serve as such a trustee, giving bond for the custody of the fund, if, under the terms of the trust imposed upon him, he had no real control of the fund as against the beneficiary.

If it be argued that Mrs. Stidworthy's lack of independent means and her inability to give bond constitute an argument against her being given the custody of this fund, we reply that it rather constitutes an argument why she should be allowed to have it.

It was because of her dependent condition that her husband made this provision. He well knew that all he had to leave her was inadequate to her comfortable maintenance, and he fully intended that she should have the full benefit of what he did leave, and it would be strange indeed to turn her poverty and her necessities into an argument against her, to point out that she has lived upon a mere pittance for the last twelve years, and has necessarily run in debt, as a reason why she should be deprived of any advantage, great or small, which her husband's will has given to her.

*Nathan and Henry B. Cleaves*, for respondents, Elizabeth S. and Sarah S. Smith.

This court has jurisdiction as a court of equity "to determine the construction of wills, and whether an executor, not expressly appointed a trustee, becomes such from the provisions of a will; and in cases of doubt the mode of executing a trust, and the expediency of making changes and investments of property held in trust."

The question relating to the construction of the will of John Stidworthy, has once been before the supreme court, and it has once been determined to whom the fund in question belongs under the terms of the will. This court has no jurisdiction over this bill of complaint. It is not a question as to the interpretation of the terms of the will, for that question has once already been passed upon by the court. There is no doubt here as to

"the mode of executing a trust," because no trust is annexed to his office as administrator. He is an administrator, and his duties are to be determined as an administrator. He holds the funds as an administrator and the question as to their distribution is for the determination of the probate court, under the interpretation already given to the will of John Stidworthy. All legal questions relating to that matter can come here on appeal. This court does not have original jurisdiction except in cases where provision is specially made. "The supreme judicial court is the supreme court of probate and has appellate jurisdiction in all matters determinable by the several judges of probate ; and any person aggrieved by any order, sentence, decree or denial  *  *  * may appeal therefrom to the supreme court to be held within the county."

No one questions the jurisdiction of this court to determine the construction of wills, or even bills in equity brought for instructions in regard to the execution of trusts, but it will not attempt to exercise jurisdiction when the administrator does not hold funds under a special trust.

The complainant prays "for further instructions with reference to the final disposition to be made of the funds of said estate now remaining in his hands in view of the inability of said Catherine A. Stidworthy to give said bond." There is no conflict as to whom this fund is to be paid. The court has determined that question. The case does not show any settlement of the accounts of complainant or that there is any conflict as to the distribution of the fund, or that the probate court has ever been called upon by the complainant to pass a decree or to exercise the jurisdiction conferred upon it by the statutes of the state relating to the closing up of the affairs of this estate.

Why should this court, at the suggestion of the complainant that the legatee is unable to comply with the reasonable decree of the court, come here and ask for further instructions as to the method in which he shall distribute this fund when the probate court has full jurisdiction on the subject, and has the decree of the supreme court of probate before it.

The complainant further asks for the "general instructions of

the court as to the terms and conditions upon which he may make payments out of said fund to said Catherine A. Stidworthy so long as said fund remains in his hands, and particularly prays for instructions as to whether or not he shall pay to the said Catherine A. Stidworthy said sum of three hundred and thirty-two dollars and two cents as decreed by said probate court."

This is a question that is entirely within the jurisdiction of the probate court in the first instance. This court can only exercise a revising power over the action of the probate court; it cannot take original jurisdiction, but it must come here by appeal. In this manner the administrator can protect himself. *White, Judge,* v. *Weatherbee,* 126 Mass. 450; *Muldoon* v. *Muldoon,* 133 Mass. 111; *Dodge* v. *Morse,* 129 Mass. 423.

Our statute secures to the parties the right in all cases of doubt—to have the opinion of the court as to the legal effect of a will—*Baldwin* v. *Beal,* 59 Maine, 481. The rights of the parties have once been adjudicated.

We submit that the statute does not authorize the administrator, upon his own volition, to proceed by bill of complaint in this court, to ask for a reversal or modification of a former decree of the court, determining the conditions upon which a legatee under the will shall receive the funds from the hands of the administrator. The court recognized the rights of the children of John Stidworthy in this fund and by the decree have cast proper safeguards about it. It is true that under the will Mrs. Stidworthy is made the sole judge of the necessity of applying any portion of the principal to her needs, yet to guard against the abuse of this trust or any arbitrary exercise of this power, the provision that she should give the bond required by the court was wise. There is no occasion for its modification and it is foreign to the duties of the administrator to seek in this proceeding a reversal of the decree of the court after the former hearing. Even if it is a fact that she is unable to give the bond required, it gives unmistakable evidence that the decree of the court was correct, and that the fund should not pass into her hands without this wise condition.

PETERS, C. J.   John Stidworthy made his wife residuary legatee under his will, in these words:

"All the residue of my estate, real, personal and mixed of which I shall die possessed, or which I may be entitled to at my decease, I give, devise, and bequeath to my faithful wife Catherine A. Stidworthy for the term of her life, with the right and power to use and dispose of the income, rents, profits and interest of the same, and with the further right to apply to her use, if needed, any part of the principal of the personal property, making her the sole judge of the need of so doing; and after her death I give and devise the same, or what shall then be left unapplied and unconsumed to my children to be divided equally between them, the children of any deceased child to take the share of their parent; if all my children and grandchildren should die in the lifetime of my said wife, then I will that the property shall go and belong to her absolutely to dispose of at her pleasure, and if she does not dispose of it by gift or otherwise in her lifetime to descend to her lawful heirs."

This language expresses the strongest confidence in the competency and integrity of the wife; too strong to be disregarded without great cause.   It has been the rule, subject to exception in particular cases, to allow a life legatee who is intrusted with such unlimited discretion, to have the possession and control of the property.   In a very similar case to this, *Copeland* v. *Barron*, 72 Maine, 206, and that case follows other cases to the same effect, we have fully stated the rule and the reasons for it.

When the present parties were in court before, (79 Maine, 234), from the fact that the funds in question could not have been known to the testator, as he died before the claim for them was presented before the court of Alabama Commissioners, it was deemed a peculiar case, and a bond was required of the residuary legatee, upon the supposition that she would be able to furnish one.

On the evidence submitted in support of this petition, it is evident that she cannot furnish the bond, and we think, on reconsideration of the matter in the new light afforded us, she should be discharged from the obligation to do so.   It is not strange that she cannot, when we consider that sureties on a bond would have to undertake a very uncertain and indefinable liability, namely, what would be a fair discretionary use of the interest and princi-

pal of the property. If she commit waste of the property, and that would be a difficult thing to determine where the will entrusts her with such enlarged discretion, an application can be made to the court to provide a remedy.

The original decree may be amended by directing the administrator to pay over to her any balance remaining in his hands, after paying, and charging the estate therefor, the actual court disbursements on each side, on this petition, including printer's bill, and a sum to be stated as counsel fees, to the widow, and a like sum to the heirs.

*Amended decree accordingly.*

WALTON, DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.