GEE *v.* HASBROUCK.

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—FINDINGS OF FACT—APPEAL.

   Findings of fact by the trial court on an appeal from an administrator's accounting are conclusive on the Supreme Court if there is evidence to support them.

2. WILLS — CONSTRUCTION — USE OF PERSONALTY — RIGHT TO CUSTODY.

   The rule that a legatee of the use of personal estate consisting of money cannot demand its custody from the executor is not applicable where the language of the will indicates not only a right to consume the estate if necessary, but a right to the custody as well.

3. SAME—ACCOUNTING BY EXECUTOR.

   Where testator bequeathed to his wife, "to have" during her widowhood, all of his personal estate, and to others all of the property that might "revert" to his estate, the widow was entitled to the possession and control of such property, and the executor, having turned it over to her, was chargeable with only so much as he received back.

4. SAME.

   Where testator left all of his estate to his wife during her widowhood, and she lived with the executor, promising to pay her board, the value of such board should be allowed to him in his account, being equivalent to money paid for her support.

5. SAME.
    On an accounting by the executor of a will giving the use of
        the estate to testator's widow, an error in the finding as to
        the amount paid to the widow on a note belonging·to the es-
        tate is unimportant, since the maker of the note, not being a
        party to the proceeding, is not bound by the finding.

Error to St. Joseph; Yaple, J.   Submitted October 8,
1901.   Decided October 22, 1901.

Elizabeth Gee and Rebecca M. Ennis appealed from an
order of the probate court allowing the account of Joseph
B. Hasbrouck and John J. Hasbrouck, as administrators
with the will annexed of the estate of John Hasbrouck,
deceased.   The order was substantially affirmed in the
circuit, and said appellants bring error.'   Modified and
affirmed.

*B. E. & L. F. Andrews* and *H. O. Bliss*, for appel-
lants.

*Alfred Akey* (*Edward Cahill*, of counsel), for appel-
lees.

HOOKER, J.   John Hasbrouck died testate in the year
1869, possessed of considerable personal property, but no
real estate.   He left a widow, Rachel, and several sons and
daughters.   No executor was named in his will, but two of
his sons, viz., Joseph B. and John J., the defendants herein,
were appointed administrators with the will annexed, the
will having been duly admitted to probate.   The estate was
appraised at $12,092.93, and claims aggregating $4,046.88
were allowed by commissioners and paid.   Rachel died on
December 8, 1896.   The administrators having filed no
account in probate court, the appellants (two daughters of
John Hasbrouck, deceased) filed a bill in chancery against
them for an accounting in 1898.   That bill was dismissed.
On January 21, 1899, at the instance of the appellants, the
administrators were cited to appear in probate court and
render an account, which they did.   A hearing was had,

and that court made an order allowing said administrators to be credited with the full amount of the principal of said estate. The appellants appealed to the circuit court, where the cause was tried by the court without a jury, and a written finding of fact and law was filed, which was a substantial affirmance of the order of the probate court. A request was made for amended findings, and the case is before us on error.

The record shows that the will contains the following provisions, viz.:

"*First.* I hereby give and bequeath to my beloved wife, Rachel Ann, all my property, real and personal, to have during her life, or as long as she remains my widow.

"*Second.* After paying all my debts and funeral expenses:

"*Third.* I hereby give and devise to my children, James Henry Hasbrouck, Joseph B. Hasbrouck, John Jamison Hasbrouck, Rebecca Maria Ennis, Elizabeth Traphagan Fonda, Martha Sickles Hasbrouck, and to my five grandchildren, Nelson Hasbrouck, Anna Hasbrouck, Jimmy Hasbrouck, Jessie Fonda Hasbrouck, and the youngest, name unknown, children of my son David Hasbrouck, and to their heirs and assigns, all the real and personal of my estate, both real and personal, to be divided into seven equal shares, each child, their heirs and assigns, to have and receive one share, and said five grandchildren in the right of their father one share; and in the making of the said several shares my son David Hasbrouck is to be charged an indebtedness to my estate in the sum of twelve hundred dollars, it being for money advanced by me during my lifetime for his benefit; also my son James Henry Hasbrouck is to be charged with indebtedness to my estate in the sum of five hundred dollars, being for money advanced by me to him during my lifetime.

"*Fourth.* After the decease of my wife, Rachel Ann Hasbrouck, I give and devise to my said children, James Henry Hasbrouck, Joseph B. Hasbrouck, John Jamison Hasbrouck, Rebecca Maria Ennis, Elizabeth Traphagan Fonda, Martha Sickles Hasbrouck, and my five grandchildren, Nelson Hasbrouck, Anna Hasbrouck, Jimmy Hasbrouck, Jessie Fonda Hasbrouck, and one, name unknown, all my estate, both real and personal, that may revert to my estate on the decease of my said wife, to be

divided among them in the proportion as provided in the above bequest made direct to them."

1. It is the claim of the appellees that this will gave to Rachel the right to the possession and control of all personal property of the estate after the payment of the debts. Appellants insist that it gave her a right to the income only, and that it was the duty of the administrators to retain the possession and control of the property of the estate, and to pay to the widow only the income.

2. The appellees claim that the proofs show that the property which came to the hands of the administrators was delivered by them to the widow, and that no portion or residue of it has ever come back into their possession. The appellants claim that there is no evidence in the record tending to show this.

3. The appellants further contend that, if the administrators lawfully turned over a portion of the estate, they should be required to account for the residue, and that the order of the circuit judge was for less than the record shows to be unaccounted for.

4. The appellees claim that, if it be held that the widow had no right to the principal of the estate, the same has been paid to her with full knowledge and acquiescence of the appellants, and has been used by her, and that they should be estopped from claiming that such payment was unlawful.

Upon the argument it was urged by the appellants' counsel that we should review the merits as contained in the findings of fact. On the other hand, appellees insist that the findings must be treated as final upon all questions of fact where there is dispute in the testimony. We are of the opinion that the latter is the correct practice, and must treat the findings of fact as conclusive where supported by testimony. We find evidence tending to show that all of the property except the amount necessary to pay claims was given to Rachel, and that the appellants had knowledge of such fact.

The question of construction of the will relates to the

right of the administrators to give the property into the possession of the widow. It is not a question of her absolute right to the property alone, as in the case of *Cousino* v. *Cousino*, 86 Mich. 323 (48 N. W. 1084). The will in the present case did not purport to convey to the widow an unqualified title to this property, but we think the intention to give her the custody of the property, and the expectation that she might use some of the principal, is shown by the language of the will. The testator gives her the property to *have* during her widowhood, and he gives to others all of the property that may *revert* to his estate. The former expression implies custody and right to use, and the latter suggests uncertainty as to the amount that may come back to his estate. The rule invoked by the appellants that, where personal estate is money, the one entitled to its use cannot demand its custody from the executor, is not applicable where the language of the will indicates not only a right to consume the estate if necessary, but a right to the custody as well. Our own Reports contain cases supporting this conclusion, and it is therefore unnecessary to refer to those of other courts. *Proctor* v. *Robinson*, 35 Mich. 284; *Sutphen* v. *Ellis*, Id. 446; *Patterson* v. *Stewart*, 38 Mich. 402; *Glover* v. *Reid*, 80 Mich. 228 (45 N. W. 91); *Mac-Donald* v. *Hanna,* 100 Mich. 412 (59 N. W. 171). Several of these cases sustain the claim that a bequest for life does not convey absolute title, but at the same time hold that it confers a right to possession and control, under wills similar to the one before us. In others such intention is clearer; while in two recent cases the opposite intention is deduced from the wills, and the right to control and use the principal at will denied. *Hull* v. *Hull*, 122 Mich. 338 (81 N. W. 89); *Cole* v. *Cole's Estate*, 125 Mich. 655 (85 N. W. 113).

Having determined that the administrators might lawfully deliver the property to the widow, the question of estoppel need not be discussed.

There are left to consider some questions in relation to the account as rendered, for, while the court has found that all of the estate was delivered to Rachel, he held that the administrators should account for some items. In his third finding he states that in 1869 Rachel purchased a house and lot, for which the administrators paid from the estate the sum of $2,100, which sum was afterwards increased by the expenditure of $1,870 to rebuild the house, which was wrecked by a cyclone. The record does not show any controversy over this, except as it is involved in appellants' claim that it was a misapplication of funds, and this has been already covered by what has been said.

The court found that a claim of $300 was allowed against the estate in favor of Joseph B. Hasbrouck, of which $200 was paid, and that there is due the administrators for services $220.92. It was also found that Rachel loaned to William Ennis $800, taking his promissory note, upon which $50 has been paid. She also loaned to John J. Hasbrouck, one of the administrators, $700, taking therefor a real-estate mortgage, no part of which has been paid. Joseph B. Hasbrouck received as rent for the premises bought by Rachel $510 before her death, and $192.90 after, and paid out $70.75 for insurance and funeral expenses. He also paid out $97.36 for necessaries for Rachel, and for taxes and repairs $88.67. Both were paid during Rachel's life. In 1892 Rachel went to live with Joseph, and remained until her death, promising to pay for board and care. The court found the value of the services and board was $601.25.

The court determined that, upon final settlement, Joseph should be paid $100 for the claim allowed, and the item for care and maintenance, also the item for money paid by him for debts of Rachel before 1892, after deducting amounts received for house rent, and interest upon money loaned belonging to the estate, received before the death of Rachel; also that the administrators should be allowed the amount found due for services. They were required to account for money received since the death of

Rachel for house rent, and interest on money loaned, less the expenses of the funeral of Rachel; and it was held that the loans made to Ennis and John by Rachel, and the remaining assets of John Hasbrouck's estate, should be accounted for in probate court.

It is contended that the item for the care of Rachel should not be a charge upon this estate, but should be presented against the estate. The charge is, in our opinion, a proper one, being equivalent to money paid for her support.

Error is assigned on the refusal of the court to find how much interest was received on the Shafer mortgage by the administrators, and what was done with it. The court found that all of the property of the estate was given to the widow, except the money paid for the house and lot, to which she took title. This covers the Shafer mortgage.

An error of $50 in the amount of John J. Hasbrouck's mortgage is conceded, and it is claimed that the sixth finding fails to credit Ennis with the full amount paid Rachel by him upon the note given her. The last is unimportant, as Ennis is not a party, and therefore not bound by the finding. As to the mortgage referred to, the sixth finding may be treated as amended by making the amount $750 instead of $700. With this modification, the order will be affirmed. Neither party will recover costs of this court.

MONTGOMERY, C. J., and MOORE, J., concurred. LONG and GRANT, JJ., did not sit.