WEBB *v.* PECK.

1. EXECUTORS AND ADMINISTRATORS — ACCOUNTING — FINDINGS OF FACT—APPEAL.

Findings of fact by the trial judge on conflicting evidence in an accounting by an executor will not be disturbed on appeal.

2. SAME—COMMISSIONS.

Under 3 Comp. Laws, § 9438, providing for commissions to an executor "upon the amount of personal estate collected and accounted for by him," it was proper, on an annual accounting by the executor of an estate consisting principally of notes and mortgages, a portion of which only had been collected, to allow commissions merely on the amount collected, rather than on the estate as inventoried.

3. SAME—COSTS—DISCRETION OF COURT.

The discretion of the trial court in granting costs against an executor personally on an appeal from his accounting will not be interfered with unless abused.

Error to Muskegon; Russell, J. Submitted October 9, 1902. (Docket No. 33.) Decided November 11, 1902.

William Peck presented his annual account as executor of the last will and testament of Ezekiel D. Webb, deceased. The account was allowed in the probate court, and Nathan H. Webb, a legatee, appealed to the circuit, where certain items were disallowed, and the executor brings error. Affirmed.

*Arthur Jones*, for appellant.

*C. W. Sessions*, for appellee.

MOORE, J.   Mr. Ezekiel D. Webb died July 15, 1898.
William Peck was appointed executor of his estate.   In
September, 1898, the executor filed an inventory showing
property belonging to the estate of the face value of
$8,642.95.   For some reason, no appraisal of this property
was made.   The executor filed an annual account, show-
ing a balance in his hands of $7,122.12.   No contest was
made in the probate court, and the account was allowed.
Some of the heirs at law, who claim to have had no notice
of the hearing in probate court, appealed the case to the
circuit court, where it was tried by the circuit judge, who ·
disallowed some items of the account.   Complaint is made
of the action of the circuit judge, stated as follows by
counsel:                                            ˋ

"1. An item of disbursements which appears in the
account, and which reads: 'Advancements made to N.
H. Webb, to apply on legacies to him, and made at dif-
ferent times, $567.34.'   This item was wholly disallowed
by the circuit court.

"2. An item of disbursements which appears in the
account, and which reads: 'My collection fees, per
statute, $226.42.'   This item was allowed at $97.12.

"3. Another item of disbursements, which reads: 'For
additional compensation for services rendered, $200.'
This was wholly disallowed.

"Costs were awarded by the circuit court against the
executor personally, and, while this may be discretionary,
the executor contends that, if so, it was an abuse of dis-
cretion, which did him, personally, a very great wrong."

The circuit judge made findings of fact and law, which,
so far as they are important, are as follows:

"The said William Peck and Nathan H. Webb have
had mutual, personal dealings, which in no wise pertained
to the matters of said estate.   Nathan H. Webb made the
said Wiilliam Peck his banker, and deposited with him va-
rious sums of money.   Mr. Webb also loaned to Mr. Peck,
individually, various sums of money.   Mr. Webb also

withdrew from the custody of Mr. Peck different sums of money, and purchased from the Montague Hardware Company, of which Mr. Peck was manager, various articles of merchandise. The only account of these dealings kept by Mr. Peck was upon the books of the Montague Hardware Company. The account of these private dealings between Mr. Peck and Mr. Webb has not been liquidated, and there is a controversy between these parties concerning the same. The items making up said account do not pertain in any way to the administration of said estate, but relate solely to private dealings between Mr. Webb and Mr. Peck and the Montague Hardware Company.

"Up to the time of rendering his said first annual account, viz., August 25, 1899, said William Peck, as such executor, had collected the sum of $2,884.95 belonging to said estate, and no more.

"Said William Peck, as such executor, has rendered no extraordinary services for which he should receive extra compensation. * * *

"The item of disbursements contained in said account, 'August 25, 1899, advancements made to N. H. Webb, to apply on legacies to him, and made at different times, $567.34,' should be, and hereby is, disallowed.

"The executor is entitled to commissions in accordance with the statute upon the sum of $2,884.95, which has been collected and accounted for by him. Said commissions amount to the sum of $97.12. Said executor should be, and he is hereby, allowed as such commissions said sum of $97.12; and the item of disbursements contained in said account, 'August 25, 1899, my collection fees, per statute, $226.42,' should be, and the same is hereby, disallowed.

"The item of disbursements contained in said account, 'August 25, 1899, for additional compensation for services rendered, $200,' should be, and the same is hereby, disallowed.

"The contestant, Nathan H. Webb, should be, and he is hereby, awarded the costs of this suit against the said William Peck individually, and not against William Peck as executor, nor against said estate. Said costs shall be taxed, and execution may issue therefor against the individual property of said William Peck."

As to the first item: Did Mr. Peck make advancements to Mr. Webb as legatee? The testimony was as

conflicting as it could well be. Mr. Peck testified he did. Mr. Webb testified he did not. Mr. Peck claimed Mr. Webb gave him a receipt and voucher, which was not produced upon the trial, because Mr. Peck claimed it had been lost. Mr. Webb denied he had ever given such a paper, and said that, if Mr. Peck ever had a paper of that purport, it was a forgery. The judge saw the witnesses. He found that the dealings between the parties did not in any way pertain to the administration of the estate. In *Gee v. Hasbrouck*, 128 Mich. 509 (87 N. W. 621), the court said:

"Upon the argument it was urged by the appellants' counsel·that we should review the merits as contained in the findings of fact. On the other hand, appellees insist that the findings must be treated as final upon all questions of fact where there is dispute in the testimony. We are of the opinion that the latter is the correct practice, and must treat the findings of fact as conclusive where supported by testimony."

There was an abundance of testimony upon which to base the conclusion of the circuit judge, and it will not be disturbed.

As to the second item: It is claimed the executor is now entitled to the statutory commission upon the estate as inventoried, even though many of the notes are not yet collected, and only a small portion of the estate has been distributed. The statute in controversy is section 9438, 3 Comp. Laws. It provides for commissions to the executor "upon the amount of personal estate collected and accounted for by him." The circuit judge allowed the commission for the full amount collected at the time the annual account was filed. There will be time enough to make further allowances if the executor becomes entitled to them when his further or final account is presented.

As to the item of $200 for additional compensation: The statute provides this may be allowed "for any extraordinary services, not required of an executor or administrator in the common course of his duty." A charge of a

lump sum of $200 was made for these services. No effort was made to itemize the account. The circuit judge found no extraordinary services had been rendered. There was testimony upon which to base this finding, and what we have before said disposes of this item.

The remaining question relates to the action of the circuit judge in granting costs against the executor personally. This is a matter of discretion, which we are not inclined to review unless we are satisfied the discretion has been abused. An examination of the record does not so satisfy us, but, on the contrary, the record fully justifies the action of the circuit judge.

The judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.