### MICHIGAN TRUST CO. *v.* HERTZIG.

WILLS—CONSTRUCTION—LIFE ESTATE—RIGHT OF POSSESSION.
Where testator appointed a trust company his "executor," and gave to his wife "all the use and income" of his entire estate, during her life or widowhood, with remainder over to designated beneficiaries, the widow was entitled to the possession and control of all the property, personal as well as real, as soon as the estate should be administered.

Appeal from Kent; Perkins, J. Submitted April 24, 1903. (Docket No. 31.) Decided June 23, 1903.

Bill by the Michigan Trust Company against Theresa Hertzig and others for the construction of a will. From a decree for defendants, complainant appeals. Affirmed.

Peter Hertzig, the husband of Theresa Hertzig, died testate April 19, 1901. His estate consisted of real estate, two farms and a house and lot, valued at $12,500. His personal estate consisted of notes, mortgages, and money in bank, of the value of $9,000. He left surviving him his widow and a son, F. Peter Hertzig, aged 5 years. He also had a stepson 15 years of age, Joseph Kirchner. His will, omitting the formal parts, is as follows:

133 MICH.—33.

"*First.* I do hereby constitute and appoint the Michigan Trust Company of Grand Rapids, Michigan, to be the executor of this, my last will and testament, directing them to pay my just debts and funeral expenses out of my estate.

"*Second.* I give and devise to the priest of St. Mary's Church of the city of Grand Rapids, Michigan, the sum of one hundred dollars, to be used for reading masses for the benefit of myself, my deceased parents, and my deceased wife, Emilie Hertzig.

"*Third.* I give to my wife, Theresa Hertzig, in lieu of the dower and all her other rights in my property, all the use and income of my entire estate, both real, personal, and mixed, of which I die seised and possessed or to which I may be entitled at the time of my death, for and during the term of her natural life, and as long as she remains unmarried and my widow.

"*Fourth.* In case my wife should marry after my decease, she shall only be allowed so much of my estate as the laws of the State of Michigan allow her if I had died intestate.

"*Fifth.* After my wife's death, or in case of her marriage, my estate shall be disposed of as follows: To my stepson, Joseph Kirchner, I give the sum of one thousand dollars, to be paid to him when he becomes of age. All the rest, residue, and remainder of my estate, real, personal, and mixed, I give, devise, and bequeath to my child or children then living, to have and to hold the same or their heirs forever."

Defendant Theresa had possession of some of the personal property belonging to the estate, and insisted that, by the terms of the will, she was entitled to the possession of both the real and personal property during her widowhood, and life, if she did not remarry. The complainant insists that it is a trustee, rather than the mere executor of the will, and that it is entitled to the management, control, and possession of both the real and personal estate, obligated only to pay to Theresa the income of the property during her life or widowhood. Complainant filed this bill to obtain a construction of the will, and to restrain the defendants from interfering with its control and possession of the property. The case was heard upon pleadings and proofs, and the court rendered a

decree that the complainant was a mere executor, and not trustee; that it was entitled to the possession of the personal property for the purposes of administration; that the defendant Theresa was entitled to the possession of the real estate; and that she is entitled to the possession of the personal property as soon as the estate shall be fully administered, and all its debts and legacies paid, except the legacy payable to Joseph Kirchner.

*Stace & Albers* (*Grove & McDonald,* of counsel), for complainant.

*McKnight & McAllister,* for defendant Theresa Hertzig.

*J. Byron Judkins,* for defendant minor heirs.

GRANT, J. (*after stating the facts*). We think the court reached the correct conclusion. It is conceded that the cardinal rule in interpreting wills is to ascertain the intention of the testator, and that this intention must be found, if possible, within the four corners of the instrument. This court has in many cases applied this rule. No two wills in all the cases are exactly alike. The result in every instance has depended upon the application of the rule to the language of the instrument to be interpreted. A discussion of the case is not necessary; neither would it be profitable. We think, under the authorities, that the provision giving to his widow "all the use and income of my entire estate, both real, personal, and mixed, * * * for and during the term of her natural life, and as long as she remains unmarried and my widow," means that she has the entire use and income therefrom. She cannot have this if it must remain in the hands of a trustee, whose charges and expenses must first be paid. She can have it only by the possession and control of the property. We find nothing within the four corners of this instrument to indicate that the testator intended to confer upon the complainant any other duty than that of the ordinary executor, whose duty it is to

take the usual steps for closing up the estate. The provisions of this will are very similar to those in *Patterson* v. *Stewart*, 38 Mich. 402, and *Gee* v. *Hasbrouck*, 128 Mich. 509 (87 N. W. 621). Many of the cases decided are cited in the opinion of my Brother HOOKER in *Gee* v. *Hasbrouck*, in which the cases from this court mainly relied upon to sustain the complainant's contention are referred to.

The decree is affirmed, with costs of this court to defendant Theresa Hertzig, to be paid out of the estate.

The other Justices concurred.