GEORGE W. GOSS v. HARRIET H. STONE.

*Appointment of guardian—Appeal to circuit court—Certiorari .—Married woman as guardian.*

1. An appeal lies to the circuit court from the order of the probate court appointing a general guardian for a minor, and on such appeal the circuit judge has the power to vacate such order and make a new appointment; and it is his duty to ascertain, as far as possible, the wishes of the deceased father concerning the custody of the infant, as also all other facts bearing on the selection of a *proper* custodian.    *Taff v. Hosmer,* 14 Mich. 259.

2. No authority is given by statute for an appeal from the action of the circuit court in *such* cases to the Supreme Court, which can only be reviewed on *certiorari,* which allows no review of decisions of fact or discretion, unless, perhaps, where there has been no such exercise of the latter as conforms to the rules of law applicable to such cases.

3. A married woman is a *competent* person to be appointed guardian of a minor (*Palmer v. Oakley,* 2 Doug. 456), and she may become principal in the required statutory bond.[1]

Certiorari to Shiawassee to review action of circuit court on appeal from probate court in the matter of appointment of general guardian for minor.   (Smith, J.)   Argued October 14, 1886.   Decided October 21, 1886.   Action of circuit court affirmed.   The facts are stated in the opinion.

*Kilbourne & Humphrey,* for petitioner.

*G. R. Lyon,* for respondent.

[The opinion is so decisive of the points raised that a summary of the briefs of counsel is omitted.—REPORTER.]

CAMPBELL, C. J.   The probate court of Shiawassee county appointed George W. Goss, who was not a relative, to be guardian of Bessie Van Akin, a young orphan child.   Mrs. Stone, her aunt, appealed, and in the circuit court, on such appeal,

[1]See *Amperse v. City of Kalamazoo,* 59 Mich. 78 (head-note 2).

was herself appointed. Goss brings *certiorari* into this Court, and one of the grounds assigned for error is that the circuit court has no appellate power over guardianship proceedings. The only foundation for this claim is that the appointment is matter of discretion, and therefore not appealable.

By section 6779, How. Stat., it is provided that,—

"In all cases not otherwise provided for, any person aggrieved by any order, sentence, decree, or denial of a judge of probate may appeal therefrom to the circuit court for the same county."

This language is broad enough to cover any order whatever, and must unquestionably cover any order which affects the merits of a proceeding. The only exceptions practically recognized have been such interlocutory and subsidiary orders as are made during the pendency of suits or proceedings, and which end with or before them. Such instances occur in the appointment of guardians *ad litem* ( *Walker v. Hull,* 35 Mich. 488), temporary allowances of some kinds (*Moore v. Moore,* 48 Mich. 271), and the usual orders and directions regulating the current procedure. The statute expressly forbids an appeal from the appointment of a special administrator pending an appeal or other delay. How. Stat. § 5851.

But it is impossible to create an exception to the right of appeal in any case where the order complained of is a principal matter of jurisdiction, and not a mere step in something else. The appointment of a permanent guardian is one of the most important things that can happen to an infant, involving the custody of all property, and, where there are no parents, generally involving also the control of the person. In all countries this jurisdiction has been regarded as of the highest importance. In England it was vested in the highest court in the realm, and while in this country it has frequently been placed in the courts exercising probate powers, it has never been considered as not within judicial supervision in some way, and has generally been put in courts from which

an appeal lies involving a rehearing on the merits. In *Taff v. Hosmer*, 14 Mich. 259, the nature of this power was considered, and cases cited to show both its judicial character and its importance; and in that case a near relative, who it was expressly decided could not have appealed from the probate of a will, if nothing but property was involved, was held competent to appeal on account of its appointment of a guardian, although if the will was established it was held the father's choice would prevail. Since that decision the power of a father to appoint a guardian, where his wife, the mother of his children, survives him, has been made subject to the approval of the judge of probate, giving the mother a right to object and be heard. How. Stat. § 6311.

By this section it is declared that—

"An appeal shall lie from the order of approval of the judge of probate, as in cases of other orders and decrees of the probate court."

Previous to this, if the will was established, it necessarily established the guardianship. The will could not, any more than any other appointment could, deprive the mother of her child's custody. That cannot lawfully be done, and is forbidden by statute. How. Stat. § 6306. The appeal, so far as the child's custody is concerned, could not affect the rest of the will, and the custody of the person would only arise after the mother's death or incapacity. If no appeal was contemplated in ordinary cases from the action of the probate court, it would be very extraordinary to allow it in case of the testamentary guardian.

The ordinary proceeding to appoint a guardian is one for that sole purpose, and for the reasons pointed out in *Taff v. Hosmer*, which we need not repeat, the statute giving appeals without any express exceptions cannot be made subject to exceptions on such an important matter as this. No authority is given for any appeal from the circuit court to this

Court, and therefore we have no power to review the action of the circuit court, except in such way as is open on *certiorari,* which allows no review of decisions of fact, and none of matters of discretion, unless, perhaps, where there has been no such exercise of discretion as conforms to the rules of law applicable to such cases.

There is no such question that we have been able to discover on this record. The circuit judge was right, and it was his duty to ascertain, as far as possible, the wishes of the deceased father of the infant concerning its custody, as also all other facts bearing on the selection of a proper custodian. He was bound, as he did, to allow respondent, as well as the other next of kin, to be heard if they desired, as was explained in *Taff v. Hosmer;* and, as we there intimated, the law has full regard to the family relation, and its mutual rights and duties; and it is undoubtedly better, where fit custodians can be found for a young child among near relatives, not to put it out among strangers. In the present case the circuit judge has selected a near relative, who appears to be entirely suitable in every respect, and at least as well qualified as any other relative, had any other applied, which was not the case. There has been neither abuse of discretion, nor failure to comply with the legal rules governing it. The appointment was within the judge's authority, on appeal, and we see no reason to criticise it.

It was suggested that a married woman is not a competent guardian. As the contrary was held in *Palmer v. Oakley,* 2 Doug. 456, and has been recognized ever since, we need not discuss the question. The statute concerning bonds has not been changed since; but, inasmuch as now a married woman may contract concerning her separate interests, we have no doubt that she may become principal in a bond which puts property under her control, as in this case.

We have considered this case as if the returned papers were all properly brought up. How far this is technically

done we need not consider, as we have desired to give plaintiff in *certiorari* all the benefit of the points he wished to present.

The proceedings of the circuit court must be affirmed, with costs.

The other Justices concurred.