## HULL v. HULL.

1. WILLS—CONSTRUCTION—DUTY OF EXECUTORS.

Under a will devising property to testator's wife "during her natural life; that is to say, that she shall have it as needed for her support and comfort," with remainder to testator's heirs, and nominating the wife and a nephew as executors, the nephew being requested to "continue right along as executor," to see that the will is carried out, and to settle the business after the death of the wife, and requiring each to give bonds, the wife to the amount of one-half, the nephew to the full amount, of the estate,—the wife is not entitled to the exclusive possession of the property during her lifetime, but only to a joint possession with her co-executor, with the duty resting on them to transfer to her such of the principal

as may be needed for her support and comfort, should the income from the estate at any time prove insufficient for that purpose.

2. SAME—JURISDICTION OF PROBATE COURT.
    Under such a will the probate court has no jurisdiction, unless the executors disagree, to assume the function delegated to them of determining the amount to be paid to the wife.

Appeal from Eaton; Smith, J. Submitted November 15, 1899. Decided December 12, 1899.

Bill by Margarett A. Hull, executrix of the last will and testament of Tyler Hull, deceased, against John Hull, her co-executor, Whitman Hull, and others, for a construction of said will. From the decree rendered, complainant appeals. Modified.

The purpose of this bill is to obtain a construction of the last will and testament of Tyler Hull, deceased. Mr. Hull left a widow, but no children. The provisions of the will necessary to state are these:

"My will is that, after my debts shall be paid and a monument purchased, as above provided, that the remainder of my property shall go to my wife, Margarett A. Hull, during her natural life; that is to say, that she shall have it as needed for her support and comfort; and this to include all my property, both personal and real, of whatever kind or nature. After the death of my wife, the remainder of my property shall be divided among the heirs of my blood as follows: * * * I do hereby nominate and appoint my wife, Margarett A. Hull, and my nephew John Hull, son of my deceased brother, John Hull, to execute this will; and I request the said John Hull, my nephew, to continue right along as executor, and that he shall see that the whole of this will is carried out to the letter, and that he shall settle the whole business after the death of my wife. My will is that my wife shall give bonds to the one-half of the amount of the estate, and that John Hull shall give bonds as executor to the full amount of the assets of the estate."

The monument was erected and the debts paid.
Complainant contends that she is entitled to the posses-

sion and control of the remainder of the estate during her life, to be used by her, principal and income, for her support and comfort, and that at her death the remainder will go to the other legatees. Defendants contend that she is only entitled to what is reasonably necessary for her support and comfort, and that the executors should retain possession and control of the estate. The court below decreed that:

"It is further decreed that the testator, by his said will, did not intend to give to Margarett A. Hull, his widow, the absolute control of his property, but intended that she should be so well cared for as to have her support and live in comfort; and that the probate court for the county of Eaton is the best and proper tribunal to fix the amount necessary to carry out the testator's intention in this regard."

We quote further from the decree:

"That the estate shall be handled by the executrix and executor named in the will, who shall file their annual accounts from time to time with the probate court, and that the probate judge make an order as to the payment, by the executor and executrix, to the widow, of a certain amount per year, payable either quarterly, half-yearly, or yearly, as, in the judgment of the probate court, seems best; and that in that way this allowance to the widow can be increased or decreased by the probate court as exigencies may require."

The court further decreed:

"That the testator intended that the house and personal property in it and around it should go to his wife, to use in such a way that it would aid her in her support and comfort."

No contest is made over this provision of the decree.

*John M. Corbin*, for complainant.

*Huggett & Smith*, for defendants.

GRANT, C. J. (*after stating the facts*). Counsel do not disagree about what the complainant is entitled to re-

ceive from the estate. They concede that the word "comfort" means more than "support," and includes "whatever is requisite to give security from want, and furnish reasonable physical, mental, and spiritual enjoyment." They concede that she is not limited to the income from the estate, but is entitled to encroach upon the principal in so far as it may be needed for her support and comfort. The sole question of dispute is, How, when, and by whom shall it be determined what is "needed for her support and comfort?" There is no express provision in the will upon this point. The learned counsel for complainant contends that when the executors had erected the monument, and paid the debts and expenses of administration, the remainder should be turned over absolutely to the possession of the widow, to be used by her for her support and comfort, without distinction as to the use of principal and income, and that she is the sole judge of her needs. If this be so, then the duty and authority of the complainant as executrix would cease from the time that she and her co-executor thus turned the property over to her and filed their account with the probate court. It would also follow that the duty and authority of her co-executor was suspended from that time until her death, when it would be his duty to take possession of what property she had left, and see to its distribution. This, clearly, would be in direct violation of the will, which makes it the duty of her co-executor "to continue right along as executor, and to see that the whole of this will is carried out to the letter." Counsel for complainant asserts that she and her bondsmen would be liable for any misuse of the property during that period. This amounts to a concession that she is still acting as executrix, for her bondsmen are only liable for her acts as executrix, and not for her acts as legatee. If she be liable as executrix, then her co-executor is also liable, for he is required to act right along with her. The fair construction of this will is that the testator placed this property under the control of his executors and trustees during the lifetime of the complainant, to see that its provisions,

made for her support and comfort, be carried out. The will neither expressly nor impliedly requires her to apply. to the probate court for the authority to use any of the principal for her support and comfort, nor does it confer upon that tribunal the authority to determine her needs. The probate court has no jurisdiction over such matters, unless it is conferred by the will. She is only authorized to have it as needed for that purpose. There must be some authority to determine when it is needed. This authority is not conferred upon her. The clause appointing his executors is, we think, sufficiently clear to show the intention of the testator upon this point. He appointed his wife and nephew his executors, directing them to carry out his will to the letter, and clearly contemplates their continuance in that capacity until the death of his widow. One of the duties imposed upon them by the will is to transfer to her, at any time when the income is not sufficient, such of the principal as, in their judgment, may be needed for her support and comfort. Both have given bonds for that purpose, and are liable only for an abuse of the trust reposed in them. They should from time to time, as required by law, file their accounts for allowance by the probate court. Should the executors disagree as to the amount needed, undoubtedly either party might apply to the proper court to determine the question. It seems highly improbable, however, that any such exigencies will arise, for all the parties interested are evidently disposed to act in a spirit of fairness and good will, and to carry out the wishes of the testator as expressed in his will.

The decree will be modified in accordance with this opinion. No costs will be allowed to either party.

The other Justices concurred.