COLE *v.* COLE'S ESTATE.

| 125 | 655 |
| 128 | 513 |
| 125 | 655 |
| s85ɴᴡ | 113 |
| 125 | 655 |
| s85ɴᴡ | 113 |
| f132 | 444 |
| 125 | 655 |
| f150 | ¹633 |

1. PROBATE COURTS—JURISDICTION—TESTAMENTARY TRUSTEE—REFUSAL TO MAKE PAYMENTS.

Under Act No. 253, Pub. Acts 1899, §§ 23, 24, providing that persons entitled by the terms of a will to the payment of money by a testamentary trustee may present a petition to the probate court praying for a decree directing payment, and that the probate judge, after a hearing, may make such decree in the premises as justice may require, where executors who are directed by the will to pay to a daughter-in-law of the testator sums sufficient for her support, and for the

support and education of her children, neglect and refuse to make such payments, the probate court has jurisdiction to compel an allowance to be paid, and to determine the amount thereof.

2. SAME—APPEALABLE ORDER.
   The order determining the amount of the allowance, and directing its payment, is appealable.

Case made from Wayne; Donovan, J. Submitted October 12, 1900. Decided February 12, 1901.

Carrie Cole petitioned the probate court for an allowance for her support, and for the support and education of her children, out of the estate of Darius Cole, deceased. The probate court made an order for a less amount than was claimed, and petitioner appealed to the circuit court, where she prevailed. The executors, Adelbert R. Lee and Robert Maxwell, assign error. Affirmed.

*Wisner & Harvey*, for appellants.

*Charles K. Latham* and *Everett B. Latham*, for appellee.

LONG, J. This is an appeal by the executors of Darius Cole, deceased, from an order of the circuit court directing the payment by them of the sum of $4,000 per year for the support and maintenance of Carrie Cole, widow of the son of the deceased, and for the support and education of her children. It appears that Darius Cole died testate, leaving a son, Frank D. Cole, his sole heir. The ninth clause of the will reads:

" I direct my executors to furnish funds from my estate to pay all reasonable expenses of living of my son, Frank D. Cole, and his wife and children, during the lifetime of each of the said Frank D. Cole and his wife, and sufficient, also, to secure the education of all the children of said Frank D. Cole now living or that may hereafter be born; and in case said Frank D. Cole should die before all of his children shall become of age, or in case Frank D. Cole shall for any reason become incompetent to properly

care for the said children, I direct my executors to see that said children are properly supported and educated."

The will further directs the executors to invest in first mortgages on improved real estate such funds belonging to the estate as might accumulate, and not be needed for the purposes set forth in paragraph 9.

During the lifetime of Frank D. Cole, the executors paid him the sum of $3,000 per year, under the ninth paragraph of the will. He died April 12, 1899, leaving a widow, Carrie Cole, and seven children. In November, 1899, Mrs. Cole petitioned the probate court for an allowance for her support and the support and education of her children. November 27, 1899, the probate court, acting upon said petition, made an order authorizing the executors to pay her and her children $200 per month for their support. Mrs. Cole, being dissatisfied with the allowance made by the probate court, appealed to the circuit court. The executors then made a motion to dismiss said appeal upon the grounds that the order of the probate court from which the appeal was taken was not an appealable one, and that the circuit court had no jurisdiction. This motion was denied by the circuit court, and, upon an application being made to this court for *mandamus* to compel the circuit court to dismiss the appeal, the application was denied upon the ground that *mandamus* was not the proper remedy. *Lee* v. *Wayne Circuit Judge* (decided January 31, 1900).[1]

Upon the hearing of this cause in the circuit court, counsel for the executors moved to dismiss the proceedings upon the grounds:

1. That the order of the probate court was not an appealable one, because the probate judge had no jurisdiction to make any allowance.

2. That by such appeal the circuit court acquired no jurisdiction.

3. That, by the terms of the will, the executors thereof

[1] No opinion filed.

were given power to fix a reasonable allowance to the widow and children, to be paid out of the estate.

The court overruled these objections and refused to dismiss the appeal, and after hearing testimony on behalf of the claimant, and no testimony being offered by the executors, entered an order requiring the executors to pay to said Carrie Cole out of said estate the sum of $4,000 for the year from April 12, 1899, to April 12, 1900, and at the rate of $4,000 per year, in monthly installments at the end of each month, from April 12, 1900, until the further order of the court or of such probate court. Error is assigned:

1. On the refusal of the court to grant the executors' motion to dismiss the proceedings.
2. In entertaining the appeal.
3. In entering judgment in favor of Carrie Cole.

It is the claim of counsel that, the will having given to the executors, in the first place, discretion to fix the reasonable expenses which were allowable under it, only when the executors neglect their duty can the probate court act; that, upon refusal of the executors to perform their duty, the court may remove them, but that the probate court has no power to fix the allowance. It is said that the petition does not allege that they refused to act, or to act properly. The petition, however, contains sufficient allegations to bring the matter before the probate court, and the evidence shows both neglect and refusal of the executors to pay petitioner anything for support. The circuit judge found that, "some time after the death of Frank D. Cole, Mr. Adelbert R. Lee, one of the executors of the estate of Darius Cole, informed said Carrie Cole that, under the advice of the judge of probate, the executors could not pay anything to her for the support of herself and children without a further order from the probate court." Nothing was paid her by the executors from April 12, 1899, and apparently nothing has yet been paid, though up to the death of Frank D. Cole the allowance of

$3,000 was paid to him; and from the testimony in the case it is shown that, to properly support the family and educate the children, it took a much larger amount than that, which Frank D. Cole paid out of his own estate. Darius Cole died leaving a large estate,—an estate worth at least $250,000. It was his intent that, in the event of the death of Frank D. Cole, his widow and children should be provided from the estate of Darius Cole sufficient moneys to pay all reasonable expenses of living and for the education of the children. The executors having neglected, after Frank D. Cole died, to advance out of the estate such moneys, the power certainly rested somewhere to compel action and fix the amount of such advancements. We think the only questions in the case are: Did the probate court have jurisdiction to determine the allowance? and Is the order made appealable?

In *Hull* v. *Hull*, 122 Mich. 338 (81 N. W. 89), the will provided:

"My will is that, after my debts shall be paid and a monument purchased, as above provided, that the remainder of my property shall go to my wife during her natural life; that is to say, that she shall have it as needed for her support and comfort; and this to include all my property, both personal and real, of whatever kind or nature. After the death of my wife, the remainder of my property shall be divided among the heirs of my blood as follows: * * * I do hereby nominate and appoint my wife, Margarett A. Hull, and my nephew John Hull, son of my deceased brother, John Hull, to execute this will; and I request the said John Hull, my nephew, to continue right along as executor, and that he shall see that the whole of this will is carried out to the letter, and that he shall settle the whole business after the death of my wife."

It was said by this court:

"The clause appointing his executors is, we think, sufficiently clear to show the intention of the testator upon this point. * * * One of the duties imposed upon them by the will is to transfer to her, at any time when the income is not sufficient, such of the principal as, in

their judgment, may be needed for her support and comfort. Both have given bonds for that purpose, and are liable only for an abuse of the trust reposed in them. They should from time to time, as required by law, file their accounts for allowance by the probate court. Should the executors disagree as to the amount needed, undoubtedly either party might apply to the proper court to determine the question."

It will be seen that the question as to what was the proper tribunal to apply to was not determined in that case. The emergency had not arisen. It has arisen in the present case.

It was said by Mr. Justice CAMPBELL in *People* v. *Wayne Circuit Court*, 11 Mich. 404 (83 Am. Dec. 754):

" I am very strongly inclined to the opinion that, under our probate system, the court of chancery has only jurisdiction in those cases in which an adequate remedy does not exist in the probate court."

In *Re Andrews' Estate*, 92 Mich. 452 (52 N. W. 743, 17 L. R. A. 296), it was said:

"Indeed, the grant of jurisdiction to probate courts is so general and extensive, under our statute, that to the section conferring jurisdiction the legislature added a proviso that such grant should not be construed to deprive circuit courts in chancery of concurrent jurisdiction."

The case of *People* v. *Wayne Circuit Court*, *supra*, was referred to with approval in the last-named case.

See, also, *In re Sweetser's Estate*, 109 Mich. 198 (67 N. W. 130).

Probate courts are made by the statute courts of record, with a seal; and the statute requires such courts to keep a true and fair record of each order, sentence, and decree made by them. 1 Comp. Laws 1897, § 647. We think, however, without reference to the above cases, the recent statute has plainly conferred jurisdiction upon probate courts in matters of this kind. Act No. 253, Pub. Acts 1899.

Was the order appealable? Section 669, 1 Comp. Laws 1897, provides:

"In all cases not otherwise provided. for, any person aggrieved by any order, sentence, decree, or denial of a judge of probate may appeal therefrom to the circuit court for the same county."

In *Goss* v. *Stone*, 63 Mich. 320 (29 N. W. 735), this court, commenting on the above-mentioned statute, said:

"This language is broad enough to cover any order whatever, and must unquestionably cover any order which affects the merits of a proceeding. The only exceptions practically recognized have been such interlocutory and subsidiary orders as are made during the pendency of suits or proceedings, and which end with or before them. Such instances occur in the appointment of guardians *ad litem*, temporary allowances of some kinds, and the usual orders and directions regulating the current procedure."

The present case is brought for the determination of the amount of the allowance undetermined by the will, and which the executors have neglected to determine. We think the order is appealable. See, also, Act No. 253, Pub. Acts 1899.

The order made by the circuit court must be affirmed, with taxable costs to the petitioner, to be paid out of the estate.

The other Justices concurred.