HOPPER v. LIVINGSTON PROBATE JUDGE.

MANDAMUS—PROBATE ORDER—APPEALS.

An order of the probate court, denying a petition to compel a guardian to account, is appealable under 1 Comp. Laws, § 669, and hence cannot be reviewed on mandamus.

Certiorari to Livingston; Smith, J. Submitted April 19, 1904. (Calendar No. 20,345.) Decided July 7, 1904.

Mandamus by George Hopper to compel Eugene A.

Stowe, probate judge of Livingston county, to vacate an order denying a petition for an accounting. From an order granting the writ, respondent brings certiorari. Reversed.

*Shields & Shields,* for relator.

*William P. Van Winkle, Louis E. Howlett,* and *Rollin H. Person,* for respondent.

PER CURIAM. In May, 1871, Hiram Hopper was appointed guardian for George Hopper by the probate court for the county of Livingston. George Hopper reached his majority in the month of January, 1883. On September 24, 1903, he petitioned the probate court for an accounting by his guardian. A citation was issued, and the guardian filed an answer, in which he stated that he had settled with his ward after he became of age, and also alleged the statute of limitations, and petitioner's laches in asking for an account, as defenses. The matter was heard by the probate court, and the prayer of the petition was denied.

The order recites the following findings, i. e. :

"(*a*) That the said Hiram Hopper was appointed guardian in the year 1871, and various sums of money and other property came into his hands as such guardian.

"(*b*) That the records and files show that no account, either annual or final, was ever filed.

"(*c*) That no receipt for settlement with ward was ever filed, and no discharge of record ever entered.

"(*d*) That ward became of age in the year 1883.

"(*e*) That the last paper filed in the cause before the present proceeding was in the year 1881.

"(*f*) That the said guardian claims by his answer full settlement and discharge, and neglects and refuses to render any further account.

"(*g*) That by reason of the great lapse of time since the said ward became of age, the petitioner is not entitled to any further order in said matter.

"(*h*) It is therefore ordered that the prayer of the petition be, and the same is hereby, denied, as to any further order."

Thereupon the petitioner filed in the circuit court an application for a mandamus, asking that the probate judge be required to vacate said order, and enter another order, requiring said guardian to file a full, complete, and accurate account of his receipts and expenditures in the matter of his ward's estate. The probate judge filed an answer to said petition, in which he alleged that said George Hopper is the son of Hiram Hopper, said guardian, and is 42 years old, and that he continued to reside in Livingston county for more than 3 years after reaching his majority. He admitted the proceedings already stated, and alleged that an opportunity to offer proof of any matters stated in the petition filed in said probate court was afforded petitioner at the hearing, but no proof was offered by petitioner or his counsel; that no claim was made at that time that there had been any concealment in reference to his cause of action, or that he had been under any disability. At the hearing in the circuit court, the mandamus was granted, substantially as prayed, and the respondent has brought the cause to this court by writ of certiorari.

We are constrained to hold that the order of the probate judge was an appealable order, and was not, therefore, reviewable upon mandamus. The order was within the statute. 1 Comp. Laws, § 669. See *Goss* v. *Stone*, 63 Mich. 319 (29 N. W. 735); *Barry* v. *Briggs*, 22 Mich. 201; *Reed* v. *St. Clair Circuit Judge*, 122 Mich. 153 (80 N. W. 985); *Michigan Mut. Fire-Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 270 (70 N. W. 582); *Corby* v. *Wayne Probate Judge*, 96 Mich. 11 (55 N. W. 386); *Grady* v. *Hughes*, 64 Mich. 545 (31 N. W. 438); *Hitchcock* v. *Genesee Probate Judge*, 99 Mich. 128 (57 N. W. 1097); *Mardian* v. *Wayne Circuit Judge*, 118 Mich. 353 (76 N. W. 497); *Devine* v. *Wayne Circuit Judge*, 118 Mich. 354 (76 N. W. 1134); *Freud* v. *Saginaw Circuit Judge*, 125 Mich. 671 (85 N. W. 193), and cases cited; *Cattermole* v. *Ionia Circuit Judge*, 136 Mich. 274 (99 N. W. 1).

The order of the circuit court is reversed.