# JUNE TERM, 1916

*In re* RODGERS' ESTATE.

## RODGERS *v.* KALAMAZOO BAPTIST COLLEGE.

1. EXECUTORS AND ADMINISTRATORS—ESTATES OF DECEDENTS—PROBATE COURTS—APPEAL.

    An order of the probate court authorizing the sale of real property under a decedent's will was appealable, pursuant to 1 Comp. Laws, § 669, as amended by Act No. 238, Pub. Acts 1911, by the trustees of Kalamazoo College, one of the legatees.

2. SAME—APPEAL—INTERESTED PARTY.

    And the right of an educational institution, which received a remainder subject to the life estate of the widow, to take the appeal as a party in interest is undoubted.

3. SAME—SALE OF LANDS—PROBATE COURT.

    Under Act No 162, Pub. Acts 1911, § 11287, 3 How. Stat. (2d Ed.), (see judicature act, 3 Comp. Laws 1915, § 13987), authorizing the probate court to order a sale of decedent's real estate or any interest therein on the petition of the executor, when such sale is necessary to preserve the estate or prevent a sacrifice, or is for the best interest of the devisees, if a majority in interest approve the application, a petition to sell lands of a testator, by the terms of whose will, power was given to the executrix to sell at private sale certain real property of the estate, was properly granted by the probate judge, on petition of the widow and executrix, to whom a life estate was devised by the will, testator leaving to three institutions the remainder in all his real and personal property; and an order on appeal to the circuit court, setting aside such probate decree is reversed on certiorari, and the petition is determined or adjudged to have been filed by the executrix in her official capacity.

4. SAME—LIFE ESTATES—STATUTES.

    The provisions of 3 Comp. Laws 1915, § 12716, do not exclude executors who are life tenants, nor is the property which can be sold by virtue of the statute of 1911 confined to any particular class so as to exclude life estates.

(156)

Certiorari to Oakland; Smith, J.    Submitted January 6, 1916.    (Docket No. 46.)    Decided June 6, 1916. Rehearing denied December 22, 1916.

Fannie F. Rodgers, executrix of the last will and testament of Daniel S. Rodgers, deceased, petitioned the probate court for license to sell certain real estate. From an order granting the petition, the Kalamazoo College, a beneficiary, appealed to the circuit court. Judgment diminishing the petition.    Petitioner brings certiorari.    Reversed.

*E. E. Hymers, R. D. Heitsch,* and *C. C. Yerkes,* for appellant.

*Corliss, Leete & Moody,* for appellee Kalamazoo College.

*John P. Antisdel,* for appellee Baptist Home.

KUHN, J.    This case is here upon certiorari to review the order and judgment of the circuit court for the county of Oakland upon an appeal from the probate court of said county in the matter of the estate of Daniel S. Rodgers, deceased.    Said Rodgers died testate in February, 1913.    On September 8, 1906, the testator made and published his last will and testament, which, after providing for the payment of his just debts and personal expenses, was as follows:

"*Second.* I give, devise and bequeath the use of all my estate, both real and personal, to my wife, Fannie F. Rodgers, for the period of her natural life, except, that in the event of my said wife, Fannie F. Rodgers, remarrying after my death, then in that event, all her right and interest in and to every portion of my estate shall be at once terminated and cease and my whole estate shall then be divided and disposed of as hereinafter directed.    This bequest and devise of the use of my said property is made in lieu of her dower interest therein.

"*Third.* On the termination of the above-mentioned estate as devised and bequeathed to my said wife, I

will that all my estate, both real and personal, be converted into money and the proceeds thereof divided in the following proportions: One-third to the Northville Baptist Church Society, of the village of Northville, Wayne Co., Michigan; one-third to the Kalamazoo Baptist College, of Kalamazoo, Michigan; one-third to the Baptist Ministers Home at Fenton, Michigan.

"In making the sale of my real estate and personal property for the purpose of the distribution among the several legatees mentioned in this paragraph numbered third of this my last will and testament I will that my said executor hereinafter named and appointed for the purpose shall be empowered to sell the same as such executor for such purpose at private or public sale without the order of any court.

"I hereby appoint my wife, Fannie F. Rodgers, as executrix of my estate, during such period as she shall continue to enjoy the devise and bequest herein made for her use and benefit, and on the termination of her rights herein and to my estate, either by her remarriage or in the event of her death, I hereby appoint the Reverend J. S. Boyden, Baptist minister, at Kalamazoo, Michigan, as executor of the residue of my estate and for the purpose of carrying out the provisions of this instrument relative to the distribution thereof. It is my further will that my said wife, during the period that she may act as administratrix of my estate under this instrument may be permitted to do so without giving bonds for the performance of her duties hereunder.

"Lastly, I hereby revoke all former wills by me at any time made."

This will was duly admitted to probate without contest or objection. The widow made no claim to take under the statute, but accepted the provisions of the will. There are no children. The inventory shows cash in banks, bank stock, mortgages, and other personal property amounting to about $7,000, and the farm involved in this suit, valued at $11,000, but worth more according to the testimony, the widow herself placing its value at from $12,000 to $14,000. She has, from time to time, been granted an allowance of $25

per week for her support, which now continues at a higher rate.

In the month of July, 1913, the widow presented to the probate court of said county her petition for license to sell said real estate. The petition, after setting forth the amount of property, represented that she was of the age of 60 years; that the care and management of said real estate was beyond her strength, and that the rents and profits obtained therefrom, after the payment of taxes and expenses of operation, were not in proportion to or commensurate with the value of said lands, and that, in her opinion, the proceeds from said farm would not net her more than 3 per cent. of the value thereof; that she believed it to be for the best interests of all the legatees under the said last will that the real estate be sold and the proceeds invested in such manner that a larger income could be obtained. The petition concludes in the following language:

"I further represent that the condition and location of said real estate is such that it cannot be partitioned without great injury to the value thereof, and that no one or more of the owners thereof are able and willing to have more than their respective portions of said real estate set off to them, and pay or secure to the others a proper compensation for what they receive more than their respective shares or portions, and it is necessary for the best interest of the persons interested in said estate that said real estate be sold for the purpose of distribution or reinvestment.

"I therefore pray that I be authorized, empowered, and licensed to sell at private sale the interest of said estate in said real estate for the purpose of distributing the proceeds of such sale among the persons entitled thereto or for real investment."

There was filed in the probate court the following instrument, entitled in the probate court for the county of Oakland:

"To the Probate Court for Said County:

"The undersigned, being all the legatees, devisees, beneficiaries, and persons interested in the estate of said deceased, do hereby waive notice of hearing on the within and foregoing petition for license to sell the real estate therein described, and we do hereby consent to the sale of said real estate for the purposes and in the manner as prayed in said petition.

                              "RUFUS M. TRAVER,
              "Trustee Fenton Baptist Ministers' Home.
"Dated July 9, 1913."

Subsequently, and on the hearing of this petition, the probate court permitted the said petition to be amended without any further notice to the parties interested, by adding the following paragraph immediately before the prayer of said petition:

"That the sale of the said real estate is necessary to preserve the estate of said deceased, and for the purpose of preventing a sacrifice thereof."

On the 6th day of January, 1914, the probate judge made an order to sell the real estate, which order contains the following recital:

"It appearing to the court after a full hearing on said petition and on examination of the proofs and allegations of the parties interested that it is necessary and for the best interest of the parties interested that the interest of said estate in the real estate hereinafter described be sold for the purpose of preserving the estate and reinvestment;

"And it further appearing from the testimony of two qualified freeholders that the value of the interest of said estate in said real estate is the sum of $12,000, which is hereby determined to be the value thereof:

"It is ordered that said executrix be, and is hereby, authorized, empowered, and licensed to sell at private sale, at the highest price obtainable therefor, not less than the value thereof as hereinbefore determined, the interest of said estate in the following described real estate, to wit: [Here describing the farm in question.]

"It is further ordered that said Fannie F. Rodgers,

executrix, before making such sale, give bond in the penal sum of $15,000, as required by law."

From this order the Kalamazoo Baptist College of Kalamazoo, Mich., one of the legatees, appealed to the circuit court. Among the grounds stated for the appeal were the following:

"(1) For that the probate court of the county of Oakland was without jurisdiction to make the said order for the sale of said real property described in said order.  *  *  *

"(6) For that it appeared in evidence that said real property is in the possession of the life tenant, and said probate court is not authorized by law to sell the same, but that the circuit court, in chancery, has sole jurisdiction for the sale thereof.

"(7) For that the order of sale is contrary to the provisions of the will of deceased, and contrary to the provisions of section 9 of Act No. 56 of the Public Acts of 1909."

In the circuit court the matter came on for trial before a jury, and after hearing the proofs and allegations of the parties the action of the court is shown by the following language of the trial court:

"For the purpose of the record, it is held that this court has jurisdiction from the appeal, but that there is no question for the jury by which they can dispose of it absolutely, and I find that it is a matter for this court to dispose of, and the court finds that, instead of its being a petition to provide additional income for the widow, it is, in effect, a petition to construe this will into something else and destroy its provisions, and place the entire control of the use and extent of all this estate in her hands without any bond. It is therefore dismissed, and I therefore direct it back to the probate court."

Whereupon the petition to sell said real estate was dismissed. There was a motion for a new trial, which was denied.

(1) In the affidavit in behalf of petitioner for the

writ of certiorari it is claimed that the trial court erred in refusing a new trial, and holding that said order of the probate court was appealable.

(2) That, if the circuit court had any jurisdiction in the matter, it was to review the proceedings of the probate court with a view to ascertaining whether there had been any abuse of discretion or not.

(3) That, if the order made by the probate court was appealable, then the testimony taken was such as should have led the circuit court to affirm the order of the probate court.

(4) That, if the order was appealable, the circuit judge overstepped his jurisdiction in the case by making a decision, the essence of which was not set up in the grounds stated in appeal by the appellant.

1. Was the order of the probate court an appealable order? I think this question should be answered in the affirmative. Under the provisions of section 669, 1 Comp. Laws (3 Comp. Laws 1915, § 14145), as amended by Act No. 238, Pub. Acts 1911, it is provided as follows:

"In all cases not specifically prohibited by statute, any person aggrieved by any order, sentence, decree or denial of the judge of probate, may appeal therefrom to the circuit court for the same county, by filing a notice thereof with the judge of probate within twenty days from the date of the act appealed from, giving the reason for such appeal, together with such bond as is required in section eight of this chapter."

That the Kalamazoo College, being one of the legatees in this will, is such aggrieved person as may take an appeal from an order of the probate court relating to the sale of the real estate in which it has an interest is, I think, too clear for argument. See *In re More's Estate*, 179 Mich. 237-244 (146 N. W. 319); *Cole* v. *Cole's Estate*, 125 Mich. 661 (85 N. W. 113), and cases there cited.

2. It appears that the proceedings were taken under the provisions of Act No. 209, Pub. Acts 1909, as amended by Act No. 162, Pub. Acts 1911 (3 Comp. Laws 1915, § 13987). Section 1 of that act is as follows:

"Real estate of a deceased person, or any interest therein, may be sold upon petition of the executor or administrator under license of the probate court in the following cases:

"1. When it shall appear to the court that the personal estate of a deceased person in the hands of his executor or administrator is insufficient to pay the debts of the deceased and the charges of administering his estate, or whenever it shall appear to the court that it is for the best interest of all persons interested in the estate that his real estate or some part thereof be sold for such purpose in lieu of disposing of the personal estate.

"2. When it shall appear to the court that a sale of such real estate is necessary to preserve the estate or to prevent a sacrifice thereof, or to carry out the provisions of a will.

"3. When a testator shall have given any legacy by will that is effectual to pass or charge real estate, and his personal property is insufficient to pay such legacy, together with his debts and charges of administration.

"4. When a testator shall have given real estate to two or more persons, or when a person shall have died intestate, and it shall appear to the court that it is necessary or will be for the best interests of the persons interested in said real estate as such devisees, legatees or heirs, to sell the same for the purpose of distribution: *Provided,* That application under this subdivision shall be approved in writing by the persons owning a majority in interest of the real estate proposed to be sold, which approval may be given by the guardians of persons under guardianship."

It is the contention of counsel for the Kalamazoo College that the probate court had no jurisdiction to order the sale in this case, and that the circuit court

of said county, in chancery, has sole jurisdiction to order the sale of real estate in possession of a life tenant; and it is claimed that this jurisdiction is vested in the chancery court by virtue of Act No. 56, Pub. Acts 1909.

I am of the opinion that the probate court had jurisdiction to make the order of sale here in controversy. Section 11287, 4 How. Stat. (2d Ed.) (3 Comp. Laws 1915, § 13987), authorizes the probate court to order the sale of a decedent's real estate, or any interest therein, upon petition of the executor, when such a sale is necessary to preserve the estate or prevent a sacrifice, or is for the best interests of the persons interested as devisees; the majority in interest approving the application. If the probate court did not abuse its discretion, that is, if the sale ordered here can be said to have been necessary to preserve the estate, and nothing to the contrary is shown, then the section gave the probate court ample power to order the sale on the petition of this executrix.

I am unable to see how chapter 300, 4 How. Stat. (2d Ed.) (3 Comp. Laws 1915, § 12716), which permits a life tenant to petition the chancery court for a sale of a life estate, in any way conflicts with or impinges upon the power given to the probate court in section 11287 when the executor petitions. The latter section does not exclude executors who are also life tenants, nor is there any reason why it should be construed to do so. Neither is the property which can be sold by virtue of the statute confined to any particular class, and no valid reason can be given why life estates should be exempted from its provisions. Chapter 300 gives the devisee of a life estate a remedy he does not have where he is not executor of the whole estate, but its language does not limit the devisee of a life estate in all cases to the proceeding in the chancery court. The petitioner in this case does not petition as life

tenant, but as the executrix of the estate for all the devisees. That the probate court is given no machinery for the reinvestment of the proceeds is no objection. It may at least grant the prayer for a sale and a distribution of the proceeds.

In my opinion, the broad power given the probate court by section 11287 to sell in a proper case on petition of the executor is in no wise nor in any degree impaired by the statute which gives the owner of a life estate who is not the executor under the will the privilege of procuring a sale and a distribution in the chancery court.

Believing that the probate court had jurisdiction, it follows that the order of the circuit court was erroneous, and should be, and is hereby, reversed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.